UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN T. TILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:20CV1040 JCH |
| | ) |
| EILEEN RAMEY, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Kevin T. Tilson's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is fully briefed and ready for disposition.

On September 29, 2015, a jury in the Circuit Court of New Madrid County, Missouri, found Petitioner guilty of one count of second degree murder and one count of armed criminal action. On November 10, 2015, Petitioner was sentenced as a prior and persistent offender to twenty-five years' imprisonment on Count I, and ten years' imprisonment on Count II, with said sentences to run consecutively. The Missouri Court of Appeals affirmed the convictions and sentences. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of post-conviction relief.

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1) That Petitioner received ineffective assistance of counsel, in that trial counsel

failed to enter a Dollar General store surveillance video into evidence;

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object when the trial court neglected to read jury instruction number seven;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Jacqueline Grant as a witness at trial; and

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Martin "Shane" Burch and Eva Wiley as witnesses at trial.

The Court will address the claims in turn.

## DISCUSSION

### I. Ground 1

As stated above, in Ground 1 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to enter a Dollar General store surveillance video into evidence. Specially, Petitioner states as follows: "Trial counsel failed to enter into evidence a surveillance video that shows [Petitioner] was at the Dollar General store on the other side of town when the victim was shot." (§ 2254 Petition, P. 5). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

#### FINDINGS OF FACT

9. Movant[1] first complained (in paragraphs 8(a) and 9(a) of the amended motion) that trial counsel, Susan Warren, had been ineffective for failing to offer into evidence the surveillance video displaying Movant at the Dollar General store after the shooting of Rodney Maxwell. Trial counsel did, however, play the video for the jury. When the deliberating jury requested to review the video, the trial court denied the request….

12. Ms. Warren testified, concerning her failure to admit the videotape of the Dollar General store, that she merely overlooked admitting the tape into evidence, although she did play it for the jury, elicit testimony from the manager at Dollar General, and argued timeline problems to the jury….

#### CONCLUSIONS OF LAW

---

[1] Petitioner is referred to as "movant" by the post-conviction motion court.

15.     The Sixth Amendment to the Constitution of the United States established the right to counsel, a fundamental right of all criminal defendants through the due process clause of the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335 (1963). This right is designed to assure fairness, and thus to give legitimacy to the adversary process. To fulfill its role of assuring a fair trial, the right to counsel must be the right to "effective" assistance of counsel. Kimmelman v. Morrison, 477 U.S. 365 (1986); McMann v. Richardson, 397 U.S. 759 (1970). When a criminal defendant seeks post-conviction relief on a claim of ineffective assistance of counsel, he must establish first, that his attorney's performance was deficient and second, that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-689 (1984); Seales v. State, 580 S.W.2d 733, 735-736 (Mo. banc 1979);

16.     To prove ineffective assistance, Movant must show that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that the defendant was thereby prejudiced. State v. Butler, 951 S.W.2d 600 (Mo. banc 1997) *citing* Strickland v. Washington, *supra* at 687; State v. Wise, 879 S.W.2d 494, 524 (Mo. banc 1994). To prove prejudice, Movant must show he or she suffered a genuine deprivation of his right to effective assistance of counsel, such that the Court's confidence in the fairness of the proceeding is undermined. Deck v. State, 68 S.W.3d 418, 428 (Mo. banc 2002);

*Movant's Complaint about Trial Counsel*

17.     As to Movant's complaint about Ms. Warren's representation, the Court concludes Ms. Warren was not constitutionally ineffective. There is no dispute Ms. Warren ensured the jury saw the video and that the jury received the complete instructions packet;

18.     Even if this Court had concluded Ms. Warren's representation ineffective, Movant has not established prejudice resulting from Ms. Warren's actions or inactions. Movant must show prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, *supra* at 694; Deck, *supra.*;

19.     The Court concludes Movant was not prejudiced by Ms. Warren not offering the surveillance tape into evidence. Ms. Warren played the video for the jury, elicited testimony from Laura Gray, the Dollar General manager, and argued the timeline of events did not coincide with the State's theory. The jury simply did not believe that argument. The video failed to clearly show Movant at Dollar General. The more probative evidence was Ms. Gray's testimony about her conversation with movant outside Dollar General. This court believes that there was no prejudice to Movant by the video not being admitted into evidence.

(Resp. Exh. H, PP. 306-309). Petitioner advanced the claim on appeal from the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> At trial, defense counsel called Laura Gray (Gray), the general manager of the Caruthersville Dollar General, as a witness. Gray was working at the location on the date of the shooting, and she retrieved the surveillance video from the day of the incident. The video was played during Gray's testimony, but defense counsel did not formally offer the video into evidence. This video, Defendant's Exhibit A, was deposited with this Court during the direct appeal. We summarized the events shown on the video and Gray's testimony about the video as follows:
>
>> The surveillance video from the store on May 10, 2013 beginning at 10:01 p.m. shows (1) Defendant's girlfriend walk into the store, (2) a "silver car" visible outside the store, and (3) the employee [Gray] walk out of the store….According to the employee [Gray], when she walked out of the store, she observed Defendant on the drivers side of the silver car. The employee also indicated that Levee Road is "not very far away" from the store.
>
> *Tilson*, No. SD34215 at 6-7. During deliberations, the jury requested to see the video again. Defense counsel said the video had not been admitted, and the prosecutor objected to the video being given to the jurors. The judge's written response to the jurors stated that the video was not offered and received into evidence. Defense counsel did not object to the trial court's action….
>
> At the evidentiary hearing, defense counsel testified. With respect to the surveillance-video claim, defense counsel testified that "she merely overlooked admitting the tape into evidence, although she did play it for the jury, elicit testimony from the manager at Dollar General, and argued timeline problems to the jury[.]"….
>
> Tilson's first point asserts that the motion court clearly erred in its conclusion that he was not prejudiced by counsel's failure to offer the surveillance video into evidence by applying an "outcome-determinative" test, which contravenes the directives of *Strickland v. Washington*, 466 U.S. 668 (1984). We disagree.
>
> To prevail on a claim of ineffective assistance of counsel, the movant bears the burden of proof and must demonstrate by a preponderance of the evidence that: (1) trial counsel failed to exercise the level of skill and diligence that a reasonably competent trial counsel would in a similar situation; and (2) the movant was prejudiced by that failure. *Davis v. State*, 486 S.W.3d 898, 905-06 (Mo. banc 2016); *see Strickland*, 466 U.S. at 688. For prejudice to exist, Tilson must prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This Court need not address both prongs of the *Strickland* test if the movant has failed to make a sufficient showing on either prong. *Taylor v. State*, 382 S.W.3d 78, 81 (Mo. banc 2012). "If the ineffectiveness claim can be disposed of because of lack of sufficient prejudice, that course should be followed." *Id.*

>        Tilson correctly notes that ***Strickland*** "clearly and explicitly holds that an outcome-determinative test cannot be applied in a post-conviction setting." ***Deck v. State***, 68 S.W.3d 418, 427 (Mo. banc 2002). Based upon our review of the record, however, we discern nothing that shows that the motion court applied the wrong legal standard in deciding this claim. The motion court concluded that Tilson was not prejudiced because counsel "played the video for the jury, elicited testimony from Laura Gray, the Dollar General manager, and argued the timeline of events did not coincide with the State's theory." That conclusion is supported by the facts in evidence. Even if the jurors were not allowed to watch the video a second time, they had watched the video once and knew what Gray saw and heard when she talked to Tilson outside of the Dollar General store. Indeed, as we noted in the direct appeal statement:
>
>> [T]he surveillance video did not show [Tilson] at Dollar General or show the Dollar General employee's [Gray's] encounter with [Tilson] outside the store. The probative force of [Tilson's] evidence depended not on the surveillance video but on the Dollar General employee's [Gray's] testimony that she had a face-to-face conversation with [Tilson] outside the store after 10:01 p.m. on the evening Victim was killed.
>
> For this reason, we are unpersuaded by Tilson's argument that defense counsel's failure to offer the video into evidence "weakened" Gray's testimony. We are also hampered in our review because the surveillance video itself, which was deposited with this Court during the direct appeal, was not provided to us in this post-conviction appeal as required by Ruled 30.05 and 81.16. Based upon our earlier description in the direct appeal of what the video showed, however, the motion court did not clearly err by concluding that defense counsel's failure to offer the video did not prejudice Tilson. There is no reasonable probability that the outcome of this case would have been different if defense counsel had done so. Point 1 is denied.

(Resp. Exh. K, PP. 4-7 (footnote omitted)).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of

– 5 –

the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Upon consideration the Court finds it unnecessary to consider the reasonableness of counsel's conduct, because Petitioner fails to demonstrate the requisite prejudice. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). As noted above, both the post-conviction motion court and the Missouri Court of Appeals found that the probative force of the evidence from the Dollar General store depended not upon the surveillance video, which neither established Petitioner's presence at the store nor showed Gray's interaction with him, but instead upon Gray's testimony that she had a face-to-face conversation with Petitioner outside the store after 10:01 p.m. on the evening Victim was killed. It is undisputed that trial counsel not only played the video for the jury, but also elicited testimony from Gray and argued the timeline

of events did not coincide with the State's theory. Under these circumstances, the Court does not find that the result of Petitioner's proceeding would have been different, had counsel entered the surveillance video into evidence. As such, the Court finds the decision of the state courts is both supported by the evidence and in accord with federal law. Ground 1 of Petitioner's § 2254 petition must therefore be denied.

**II.     Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that trial counsel failed to object when the trial court neglected to read jury instruction number seven. (§ 2254 Petition, P. 6). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

FINDINGS OF FACT

10.     Movant complained (in paragraphs 8(b) and 9(b) of the amended motion) that trial counsel had been ineffective for failing to register an objection to the trial court's failure to read Instruction 7 defining the elements of robbery in the first degree, the felony underlying Movant's murder charge….

13.     Ms. Warren testified she did not recall the trial court's failure to read the robbery instruction. Regardless Ms. Warren's memory of what was read, by all accounts the jury received the complete instructions packet….

CONCLUSIONS OF LAW

20.     Concerning counsel's failure to object to the trial court's omission of reading Instruction No. 7, the Court finds counsel was not ineffective and Movant was thereby not prejudiced;

21.     The State charged Movant with murder in the second degree for felony murder for the underlying felony of the robbery of Rodney Maxwell. The trial Court instructed the jury that in order to find the defendant guilty, they must first find he committed robbery in the first degree as defined in Instruction No. 7. The court then gave the jury the entire instruction packet for them to read during deliberations, which included Instruction No. 7. Based on the evidence presented at trial, the jury could reasonably infer that Movant shot Mr. Maxwell in order to obtain the marijuana. Movant has not introduced any evidence or established any fact that would show the jury disregarded Instruction No. 7 when deliberating;

– 7 –

> 22. Movant has not shown trial counsel's representation was deficient. Movant has not shown that Movant was prejudiced by trial counsel's actions or inaction. Movant has not shown ineffective assistance of counsel.

(Resp. Exh. H, PP. 306-307, 309). Petitioner advanced the claim on appeal from the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> Just prior to closing arguments, the court began reading Instruction Nos. 3 through 11 to the jury. During that process, the trial court skipped Instruction No. 7, which submitted the elements of first-degree robbery. Tilson's trial counsel did not object to the trial court's failure to read this instruction. Although this instruction was not read aloud, the jury did receive the complete instructions packet that included the full text of Instruction No. 7….
>
> At the evidentiary hearing, defense counsel testified….With respect to the trial court's failure to read Instruction No. 7, defense counsel testified that "she did not recall the trial court's failure to read the robbery instruction."….
>
> Tilson's second point involves the trial court's failure to read Instruction No. 7 to the jury. According to Tilson, defense counsel was ineffective for not objecting to the trial court's omission, and the motion court clearly erred by concluding that Tilson was not prejudiced by counsel's inaction. We disagree.
>
> Here, during the opening portion of the State's closing argument, the prosecutor reviewed all of the elements in Instruction No. 7 for the jury. The discussion of that instruction covered four pages of the trial transcript. After discussing Instruction Nos. 8 and 9, the prosecutor told the jurors: "So, 7, 8 and 9 are basically your verdict directors. Those are the one's [sic] that you will look at to guide you in making a determination of guilt." Moreover, Instruction No. 7 was included in the packet of instructions given to the jurors. There is no reasonable probability that the outcome of this proceeding would have been different if defense counsel had objected to the trial court's failure to read Instruction No. 7 aloud to the jurors. The motion Court's conclusion on this claim is not clearly erroneous. Point 2 is denied.

(Resp. Exh. K, PP. 5, 7-8).

Upon consideration the Court again finds that with this claim, Petitioner fails to demonstrate the requisite prejudice to establish ineffective assistance of counsel. In other words, while the trial court may have neglected to read Instruction No. 7 aloud, the prosecutor explained the import of the instruction at length during closing arguments, and the jury received a complete set of jury instructions to consider during deliberations. Under these circumstances, the Court does not find

– 8 –

that the result of Petitioner's proceeding would have been different had counsel objected to the trial court's failure to read the instruction. Ground 2 of Petitioner's § 2254 petition must therefore be denied.[2]

### III.   Ground 3

In Ground 3 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that trial counsel failed to call Jacqueline Grant as a witness at trial. (§ 2254 Petition, P. 8). Specifically, Petitioner states as follows: "Counsel's performance by failing to call an witness Jacqueline Grant a witness to the shooting that identified a man 'Rogers' as the murderer." (*Id.*).

Upon consideration the Court finds that with this claim, Petitioner fails to satisfy either prong of the *Strickland* test. Reasonable assistance of counsel includes adequate investigation, consideration of viable theories, and development of evidence to support those theories. *See Cagle v. Norris*, 474 F.3d 1090, 1097 (8th Cir. 2007). In order to succeed on a claim of ineffective assistance of counsel for failing to call a potential witness at trial, Petitioner must demonstrate that the failure was unreasonable. *See Strickland*, 466 U.S. at 691. Furthermore, Petitioner can only prevail if he makes "a substantial showing that, but for counsel's failure to [call] the witness[] in question, there is a reasonable probability that the result of his trial would have been different." *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994).

As stated above, in Ground 3 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that trial counsel failed to call Jacqueline Grant as a witness at trial. The Court's review of the record reveals that trial counsel testified regarding this claim during the evidentiary hearing on Petitioner's 29.15 motion. (*See* Resp. Exh. G, PP. 12-16, 23). She stated that she made a strategic decision not to call Ms. Grant, for two reasons. First, trial counsel noted that

---

[2] In light of the above ruling, the Court need not consider whether counsel's performance was deficient.

when she and her investigator went to Ms. Grant's house, in an effort to corroborate that she could have witnessed the shooting, they concluded it was unlikely she could have from the stated vantage point. Second, trial counsel indicated that because their defense was Petitioner was not present at the scene, Ms. Grant's testimony regarding whether it was the driver or the passenger who committed the murder was irrelevant.

"The decision not to call a witness is a virtually unchallengeable decision of trial strategy, and [Petitioner's] attorney's decisions do not fall outside this wide perimeter of protection." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (internal quotation marks and citations omitted). In other words, it appears testimony from Ms. Grant would have provided little to no benefit, and possibly could have been detrimental to Petitioner's defense. Under these circumstances, Petitioner fails to demonstrate either that his counsel's performance was deficient, or that the result of the proceeding would have been different had his attorney called Ms. Grant as a witness at trial. The claim raised in Ground 3 of the instant petition must therefore be denied.[3]

## IV.   Ground 4

As stated above, in Ground 4 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to call Martin "Shane" Burch and Eva Wiley as witnesses at trial. (§ 2254 Petition, P. 9).

Upon consideration the Court again finds that with this claim, Petitioner fails to establish either prong of the *Strickland* test. The Court's review of the record reveals that trial counsel testified regarding the claim during the evidentiary hearing on Petitioner's 29.15 motion. (*See* Resp. Exh. G, PP. 16-20, 23-24). As to Mr. Burch, trial counsel stated that she deposed the witness, but then made a strategic decision not to call him because he was intoxicated at the time of his

---

[3] In light of the above ruling, the Court need not consider Respondent's assertion that Ground 3 of Petitioner § 2254 Petition is procedurally defaulted.

observations, and was "known in the community to be someone who's impaired on a pretty consistent basis." (*Id.*, PP. 16-17). Again, "[t]he decision not to call a witness is a virtually unchallengeable decision of trial strategy." *Staples*, 410 at 488 (internal quotation marks and citations omitted). As to Ms. Wiley, trial counsel testified as to her inability to locate the witness.[4] (*Id.*, PP. 19-20). Petitioner does not assert that counsel's efforts in that regard were insufficient. Under these circumstances, Petitioner fails to demonstrate that his counsel's performance was deficient, or that the result of the proceeding would have been different had his attorney called Mr. Burch or Ms. Wiley as a witness at trial. The claim raised in Ground 4 of the instant petition must therefore be denied.[5]

---

4 Trial counsel testified she followed up on some addresses that were provided during the initial investigation, but was unable to locate Ms. Wiley. (Resp. Exh. G, P. 24). Petitioner's post-conviction counsel then received sixty days after the evidentiary hearing in which to attempt to depose Ms. Wiley, but presumably was unable to do so, as he did not present argument regarding the failure to call her as a witness in his proposed findings of fact and conclusions of law. (*Id.*, PP. 29-30).

5 In light of the above ruling, the Court need not consider Respondent's assertion that Ground 4 of Petitioner § 2254 Petition is procedurally defaulted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 15th Day of November, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE